# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,

Plaintiff,

v.

Montez Brown et al.,

Defendants.

Case. No. 23-cr-160 (NEB/JFD)

In April a grand jury of the State and District of Minnesota returned a large, complicated indictment that charged 25 defendants with being members of a racketeering conspiracy that began in 2014 (Indictment, Dkt. No. 12, p. 7). The grand jury alleged that the racketeering enterprise was the "Highs," which the indictment alleged was a confederation of street gangs operating on the north side of Minneapolis. The indictment set out 98 separate overt acts, including several murders, in furtherance of the racketeering conspiracy. In addition, Count 3 of the indictment, standing alone, would have been a major federal case, as it alleged that 19 of the defendants charged with racketeering conspiracy had also been members of a conspiracy to distribute controlled substances that began at least as early as 2015. (*Id*., pp. 26-27)

As can be imagined, the amount of discovery that needed to be provided to the defendants in this case was extraordinary, described by the United States as consisting of "thousands of written reports, as well as voluminous videos, photographs, electronic records, and other content obtained through search warrants." (Mtn. of U.S. to Designate

Case as Complex, Dkt. No. 128, p. 4) On May 16, 2023 the Court designated this case complex for Speedy Trial purposes. (Dkt. No. 288)

While some defendants negotiated resolutions of their cases, 19 of the original 25 defendants were still in the case on November 8, when the grand jury returned a 57-page superseding indictment, charging 14 new defendants as well as the 19 defendants still in the case from the original indictment. The superseding indictment nearly doubled the number of overt acts alleged in furtherance of the racketeering conspiracy (from 98 in the original indictment to 188 in the superseding indictment).

Before the Court is the Motion of the United States to Designate Case as Complex (Dkt. No. 532) and a Motion to Sever Defendants (Dkt. No. 553) brought by ten of the 19 original indictment defendants. In its new motion for complexity designation, the United States represents that the discovery regarding the allegations in the superseding indictment "will be more voluminous and complex than on the original Indictment" (Second Mtn. to Designate Case as Complex, Dkt. No. 532, p. 2) and requests a continuance of 90 days.

As the first steps towards crafting a litigation schedule for this case that will get defendants to trial in the minimum time consistent with adequate preparation, the Court enters the following ORDER:

1. On or before Friday, December 1, 2023, each defendant will indicate whether they object to the pending Motion of the United States to Designate Case as Complex. In their responses to the complexity designation motion that followed the original indictment, all of the defendants charged in the original indictment objected; however, upon closer examination of those objections, only one

defendant actually objected to the complexity designation. The rest objected to the continuance for discovery requested by the prosecution (in that motion, 120 days). This time, defendants are asked to note whether they object to the complexity designation itself, or to the timing of discovery.

2. Also on or before Friday, December 1, 2023 the United States will respond to the pending motion for severance filed by ten defendants from the original indictment.

3. The prosecutors and the defense attorneys will meet and confer and reach agreement on as much as they can of a pretrial schedule for this case. Those agreements will be provided to the Court in a single filing on or before Friday, December 15. That filing will also succinctly describe areas on which there is disagreement, including the positions of the parties on those controversies.

4. The Court will schedule such hearings as are necessary to resolve disputes, or, if they cannot be resolved, will rule on them.

5. The Court will issue a Pretrial Scheduling and Litigation Management Order in a Criminal Case on or before Friday, December 29, 2023.

6. The deadlines in the currently-operative scheduling order (Dkt. No. 359, entered on July 11, 2023) are suspended.

Dated: November 22, 2023

*s/ John F. Docherty*
JOHN F. DOCHERTY
United States Magistrate Judge