UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 23-160 (NEB/JFD)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **PROTECTIVE ORDER** |
| | ) | |
| MONTEZ BROWN et al., | ) | |
| | ) | |
| Defendants. | ) | |

The Court already issued a protective order in this case, which is applicable to the defendants who are in custody. (*See* Dkt. No. 366). The Protective Order states that "Should any defendant be released from custody or is otherwise not detained, the parties will need to provide the Court with a proposed modification to this protective order. The legal defense team shall not provide any discovery to the defendant until the Court issues an order regarding out-of-custody defendants." At least one defendant in this case is not detained. The parties have provided the Court a proposed protective order that applies to defendants who are released from custody or who are otherwise not detained in this case. The Court has reviewed that proposed protective order.

Pursuant to the Court's authority under Fed. R. Crim. P. 16(d)(1), the Court finds good cause and issues the following PROTECTIVE ORDER for defendants who are not in custody. The defendants who are in custody must follow the terms of the Protective Order issued at Dkt. 366 and any further modifications to that Order.

1. <u>Limitations on Use:</u> This Protective Order is applicable to all defendants in this case who are not detained. Subject to the limitations contained in this Order, discovery

may be used by the defendants and their legal defense teams solely in connection with the defense of this case, and any appeal, and for no other purposes, and in connection with no other proceeding, without further order of this Court.

2.	Legal Defense Team:	The legal defense team includes defense counsel (defined as counsel of record in this case, including any subsequent post-trial or appellate counsel); attorneys working under the direction and supervision of defense counsel; the defense counsel's immediate supervisor; and investigators, paralegals, or support staff members who are working under the direction of the defense counsel. The legal defense team does not include the defendant or the defendant's family members, friends, or associates of the defendant.

3.	Limitation on Disclosure beyond the Legal Defense Team:	Except as provided by this Order, the legal defense team shall not disclose any materials either directly or indirectly to any person, entity, or public forum other than members of the legal defense team. Subject to the limitations described below, defense counsel may authorize the review of discovery materials by (1) the defendant; and (2) other persons to whom this Court may authorize disclosure (collectively, "court-authorized persons"). Discovery materials shall not be given to the defendant in this case for him to retain. These materials may be discussed with or shown to the defendant, but must remain in defense counsel's possession and control at all times. Discovery materials may not be left with the defendant, but must be removed by defense counsel when counsel leaves or is not in the presence of defendant.

4. <u>Limitations on Copying Discovery:</u> The legal defense team may make copies or electronically reproduce discovery as deemed necessary by defense counsel for use in connection with this case. The legal defense team shall not provide a copy, screenshot, or electronic reproduction of the materials to anyone outside of the legal defense team. Any copies and reproductions authorized by defense counsel shall be treated in the same manner as the originals. The legal defense team shall not provide a copy, screenshot, or electronic reproduction of the materials to any court-authorized person, including the defendant. If defense counsel authorizes the materials to be viewed by the defendant or any court-authorized person, defense counsel shall ensure that the defendant or such court-authorized person does not keep, photograph, take screenshots, or otherwise duplicate the materials. Defense counsel shall maintain these materials, including physical or electronic copies, in a secured environment that limits access to members of the legal defense team. Any copies and reproductions authorized by defense counsel shall be treated in the same manner as the original materials.

5. <u>Notification Regarding this Order:</u> Defense counsel must provide members of the legal defense team, the defendant, and any other court-authorized person with a copy of this Order before providing them access to, permitting them to view, or advising them of the contents of discovery materials. Such persons must read this Order and sign Attachment A, certifying that he or she understands and agrees that he or she is bound not to disclose the materials or the contents therein to any person who is not a member of the legal defense team and to otherwise comply with this Order. Defense counsel shall provide counsel for the Government with a copy of all signed certifications.

6. <u>Disposition Following the Conclusion of this Criminal Case:</u> Following a dismissal or acquittal in this case, the defense counsel shall destroy, or return to the Government, all discovery materials. Following a conviction in this case, defense counsel may retain a copy of the discovery in this case only if defense counsel stores the materials in a secure electronic or physical environment that limits access to such materials to the legal defense team for its use in this case. Nothing in this order prevents the Government from seeking a court order to further restrict the retention of discovery following resolution in this case.

7. <u>Violations of this Order:</u> The disclosure, dissemination, loss, use or retention of discovery material contrary to this Order shall be deemed a violation of this Order subjecting the defendant, attorneys, or other person(s) to sanctions and consequences outlined in Rule 16(d)(2).

8. <u>Exclusions from this Order:</u> The restrictions set forth in this Order do not apply to discovery that is, or later becomes, part of the public record, including materials that have been received in evidence in this or other public trials. Materials that are filed under seal are not part of the public record. Further, the restrictions in this Order are not intended to limit the use of discovery in any judicial proceeding in this case, except as described below.

9. <u>Limited scope of this Order:</u> This Order does not constitute a ruling on the question of whether any particular materials are properly discoverable or admissible, and does not constitute a ruling on any potential objection to the admissibility or discoverability of the material.

10.     Modification:  Nothing in this Order shall be construed as a waiver or prevent any party from seeking modification of this Order, or from objecting to discovery that it believes to be otherwise improper.

11.     Witness List Filings: Consistent with the spirit of this Order, the Government may file any witness list in this case under seal, and provide copies to defense counsel via email. If witness names need to be referenced in any motions or filings in this case, such motions or filings must be made under seal. Such motions or filings would then be subject to the same terms and conditions of this Order.


Dated:  February 21, 2024                         *s/  John F. Docherty*
                                                  JOHN F. DOCHERTY
                                                  United States Magistrate Judge

5

# ATTACHMENT A:  CERTIFICATION

By signing below, I, _____

*(please print legibly)*, hereby certify that I have read this Protective Order and agree to be

bound by its terms.


_____                                        _____

Date                                                                                Signature