**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| United States of America, | Case. No. 23-cr-160 (NEB/JFD) |
| Plaintiff, | |
| v. | **ORDER CONCERNING SCHEDULING AMENDMENTS AS TO MOTIONS HEARINGS** |
| Dantrell Johnson (2), Gregory Hamilton (3), Keon Pruitt (4),  Jovan Knight (5), Tyreese Giles (6), Josiah Taylor (7), Jarrett Robinson (9),  Trevann Robinson (10), Cortez Blakemore (14), William Banks (19), William Johnson (21), Ernest Boyd (23), Gregory Brown (26), Marques Walker (27), Deandre Poe (28), Clinton Brown (29), Christopher Washington (31), Ernest Ketter (32), Robert Lesure (33), Avante Nix (34), Arron Davis (35), Dashawn Jackson (36), Leneal Frazier (37), Ja'darius Wright (38), Carlos Serrano (39), Ronnell Lockhart (40), | |
| Defendants. | |

Before the Court is the United States' Motion for Continuance (Dkt. No. 979), which was filed immediately after the Court issued an Order granting in part and denying in part several motions for a continuance (Dkt. No. 978). The Court has also received updated information from the U.S. Marshals Service about logistical arrangements for motions hearings in this case, which causes the Court to enter this Order Concerning Scheduling Amendments as to Motions Hearings.

This is a 26-defendant RICO case that, before 14 defendants negotiated resolutions of the charges against them, was a 40-defendant RICO case. Recognizing that the size of

1

the case meant significant events had to be scheduled far in advance, the Court in December of 2023 set aside three days in June 2024 for a motions hearing. (Dkt. No. 666.) The order scheduling the motions hearing was entered on the docket six months before the hearing and did not require motions to be filed until April 29, 2024, four months after the scheduling order was docketed. (*Id.*)

On April 17, just 12 days before motions were due, a group of 12 defendants moved for a 45-60 day continuance of the April 29 motions filing deadline, with a concomitant extension of the motions hearing date. (Dkt. No. 940). Five other defendants later joined the original 12 in seeking a continuance of the motions schedule. (Dkt. Nos. 947-48, 953, 957, 976-77). The United States stated that because of the size of the case and the volume of discovery it did not object to a 60-day continuance, while simultaneously insisting that it had "thoroughly organized the [discovery] project, consistently responded to all defense requests for clarification, and offered individualized meetings with defense counsel to walk through the project." (Dkt. No. 960, at 1).

The defendants were not unanimous in moving for a continuance, however. Not only did several defendants not join the continuance motion, but two defendants formally objected to the proposed continuance because it had the potential to extend their time in pre-trial detention. (Dkt. Nos. 949, 959) The chief complaint of the defendants moving for a continuance was that analyzing the volume of prosecution disclosures left them insufficient time to analyze those disclosures and prepare motions. The Court sought to balance the request of one group for more time to prepare motions with the request of another group that their time in pretrial detention be minimized by extending the motions

filing deadline but leaving the three-day motions hearing on the calendar as originally scheduled. (Dkt. No. 978). Because this was achieved by consuming time the United States had to respond to the motions, the prosecution has now moved for an extension of its own. (Dkt. No. 979.)

For the reasons set forth below, the Court now enters this Order Concerning Scheduling Amendments as to Motions Hearings.

Twenty-six defendants remain in this case. The Court has been advised by the U.S. Marshals Service that they have personnel available to permit only three defendants in the courtroom at any one time. Planning for the worst case, the Court prepared this Order assuming that no more negotiated resolutions will be reached between now and the June motions hearing dates, that all remaining defendants will file motions, and that no more than three defendants can be in the courtroom at once. This indicates that not even three days is sufficient for a motions hearing in this case.

Two separate motions hearings will therefore be conducted in this case. The first will be conducted over the three days originally set aside in June, that is, June 24, 25, and 26, and on the schedule set out in the Court's Order at Dkt. No. 978. Thirteen defendants will have their motions hearings in June. These are the 12 defendants remaining in the case who were charged in the original indictment and have therefore been in pre-trial confinement the longest, plus defendant number 38, Ja'darius Wright, who was not indicted until the superseding indictment (Dkt. No. 450) was returned, but who is one of the two

defendants to not only decline to join the continuance motion, but to object to it.[1] The defendants who will proceed to motions hearing on June 24, 25, and 26 are:

Dantrell Johnson (2);

Gregory Hamilton (3);

Keon Pruitt (4);

Jovan Knight (5);

Tyreese Giles (6);

Josiah Taylor (7);

Jarrett Robinson (9);

Trevaun Robinson (10);

Cortez Blakemore (14);

William Banks (19);

William Johnson (21);

Ernest Boyd (23); and

Ja'darius Wright (38).

The defendants whose motions hearing will be conducted on July 24, 25, and 26 are:

Gregory Brown (26);

Marques Walker (27);

---

[1] The other defendant to object to the continuance motion, Dantrell Johnson (2), is among the defendants charged in the original indictment. He is therefore already in the group of defendants whose motions hearing will be conducted first, in June. Mr. Johnson's objection to the continuance motion is at Dkt. No. 959.

Deandrae Poe (28);

Clinton Brown (29);

Christopher Lee Washington (31);

Ernest Ketter (32);

Robert Lesure (33);

Avante Nix (34);

Arron Davis (35);

Dashawn Jackson (36);

Leneal Frazier (37);

Carlos Serrano (39); and

Ronnell Lockhart (40).

This schedule does not grant temporal relief to the prosecution—it must still respond, in the shortened time allowed under the Court's Order at Dkt. No. 978, to motions filed by the June group of defendants. However, the number of defendants potentially filing motions on the June schedule is halved in this Order. The Court also notes that because the main defense continuance motion was filed only 12 days before motions were due, and before ruling on the continuance motion the Court gave the prosecution time to respond to it, the motions-filing deadline was not extended until very close to the time it would have expired. As a result, several defendants had already filed some motions before the Court extended the motions filing deadline, as a result of which the prosecution has 14 defense motions already in hand. On balance, therefore, the Court does not find that the United States requires further relief.

The Court also notes that in its Motion for Continuance, the United States claimed that "[i]t is conceivable that defendants will file upwards of 100 discrete discovery motions." With respect, the Court actually cannot conceive this, at least not on the information presently in its possession. One hundred discrete discovery motions and 26 defendants is almost four discovery motions *per defendant*. Given that all of the pretrial scheduling orders in this case have ruled pre-emptively on many of the discovery motions most frequently filed in the District of Minnesota—for exculpatory evidence, for early Jencks, for rough notes, for Rule 16 discovery, and so on—it is frankly hard for the Court to understand how the United States can be apprehensive of getting very many discovery motions at all, much less four per defendant. And if there truly is reason to fear such a tsunami of discovery motions, then that indicates a serious problem in this case, and the Court would like to hear about it so that it can set to work fixing things. **For now, the Court reminds the parties that the Court has already proactively addressed many nondispositive motions that are commonly filed in the District of Minnesota. Therefore, before filing any pretrial motions, a party shall consult the First Pretrial Scheduling and Litigation Management Order in a Criminal Case.**

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

1.     The United States' Motion for Continuance (Dkt. No. 979) is **GRANTED IN PART** and **DENIED IN PART**;

2.     For the defendants whose motions hearing will be held in June:

The motions filing deadline remains Tuesday, **May 28, 2024**. The United States will respond to those motions on or before Tuesday, **June 11, 2024**. Any Notice of Intent to

Call Witnesses shall be filed by Tuesday, **June 11, 2024**. Any Responsive Notice of Intent to Call Witnesses shall be filed by Tuesday, **June 18, 2024**. The motions hearing will not be extended, but will be held as originally scheduled, on **June 24, 25, and 26, 2024**.

3.      For the defendants whose motions hearing will be held in July:

The motions filing deadline is Friday, **June 14, 2024**. The United States will respond to those motions on or before Wednesday, **July 10, 2024**. Any Notice of Intent to Call Witnesses shall be filed by Wednesday, **July 10, 2024**. Any Responsive Notice of Intent to Call Witnesses shall be filed by Wednesday, **July 17, 2024.** The motions hearing is continued to commence at 9:00 a.m. on **July 24, 25, and 26, 2024** in Courtroom 6A of the Warren E. Burger Courthouse, 316 Robert St. N., Saint Paul, MN 55101**.**

4.      Defendants must meet and confer and combine motions whenever possible. Counsel must set aside all three days of whichever motion hearing their client is scheduled for. Given the number of defendants in this case, and how tightly the motions hearings are scheduled, continuance motions, even if supported by good cause, will be nearly impossible to accommodate. Once motions are received, the Court will analyze them and then prepare a schedule showing which defendants will be brought to court on which days.

Dated: May 9, 2024

*s/ John F. Docherty*
JOHN F. DOCHERTY
United States Magistrate Judge